United States Court of Appeals
Fifth Circuit

**F I L E D**

June 21, 2005

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 04-30893
Summary Calendar

RODNEY OSBORNE,

Plaintiff-Appellant,

VERSUS

SUZANNE ELMER; JESSIE BLOUNT; ART NORSWORTHY; TIM LACOMBE; JOE TATE; UNITED STATES OF AMERICA; JOHN E. POTTER, United States Postmaster General; UNITED STATES POSTAL SERVICE; UNITED STATES DEPARTMENT OF LABOR

Defendants-Appellees.

Appeal from the United States District Court
For the Middle District of Louisiana
3:01-CV-117-C-M1

Before DAVIS, SMITH, and DENNIS Circuit Judges.

PER CURIAM:[*]

Appellant Rodney Osborne ("Osborne") appeals the district court's dismissal of his claims of disability discrimination and retaliation under the Rehabilitation Act of 1973, 29 U.S.C. § 701, et seq. Because we agree that Osborne cannot show that he suffered an "adverse employment action," we AFFIRM the district court's

_____

[*]Pursuant to 5ᵀᴴ CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

dismissal of his claims of disability discrimination and retaliation.

I.

In April 1999, while working as a mail processing equipment mechanic for the United States Postal Service ("Postal Service"), Osborne suffered an on-the-job injury to his back and neck. Approximately three months later, he received a letter from Suzanne Elmer, the Injury Compensation Specialist for the Postal Service, explaining that his Continuation of Pay would soon terminate. Approximately one year later, Osborne returned to work at the Postal Service with work restrictions due to his physical condition. In accordance with these restrictions, the Postal Service asked that he agree to be reassigned to work in custodial services, for which he was paid the same salary he earned as an equipment mechanic. Believing that his reassignment was unjust, Osborne lodged several complaints with the EEOC.

While working as a janitor, Osborne was approached by Scott Sulik, Manager of In-Plant Support at the Postal Service, who told Osborne that he needed temporary help in his department performing work similar to that done by Osborne before his injury. Osborne informed his superiors, but, before a final transfer decision was made, Sulik no longer needed assistance, and Osborne returned to his duties in custodial services, where he continues to work. Osborne later filed this lawsuit, arguing that the Postal Service's treatment of him after his injury

2

amounted to disability discrimination, and that the Postal Service failed to approve his transfer to Sulik's department in retaliation for his EEOC complaints.

The district court dismissed Osborne's claims of disability discrimination, finding that, among other reasons, none of the above conduct constituted an "adverse employment action." The district court also dismissed Osborne's retaliation claim, concluding that the Postal Service's delay in approving Osborne's transfer to a temporary position did not constitute an "adverse employment action."

On appeal, Osborne concedes that none of the above incidents, taken alone, amount to an "adverse employment action." However, he urges this court to find that the Postal Service's conduct "as a whole" constituted a "campaign of retaliatory harassment" that satisfies the requirement of "adverse employment action." Even if such a theory is available to the plaintiff, we agree with the district court that Osborne has failed to show that the record evidence supports it.

## II.

For the reasons stated above and the reasons assigned by the district court denying recovery because plaintiff failed to establish an "adverse employment action," we AFFIRM the district court's judgment.

AFFIRMED.